284 A.2d 297.

CONGREGATION SONS OF ZION *vs.* PROVIDENCE REDEVELOPMENT AGENCY.

HARRY CHORNEY *et ux. vs.* PROVIDENCE REDEVELOPMENT AGENCY.

MARTIN A. KRAUS *et al. vs.* PROVIDENCE REDEVELOPMENT AGENCY.

DECEMBER 8, 1971.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a petition for certiorari to review an order of the Superior Court denying the petitioners' motions in each of the above-entitled cases to compel the respondent to answer certain interrogatories.

These cases are petitions for assessment of damages resulting from the condemnation of petitioners' properties by respondent agency on February 14, 1969. The respondent claimed a trial by jury in each of the cases. The petitioners served certain interrogatories upon the respondent in accordance with Super. R. Civ. P. 33. The interrogatories are the same in all three cases. The respondent answered some of the interrogatories but objected to interrogatories 7 through 18 on the ground that "* * * said material is confidential, privileged, and not within the scope of examination provided under the rules of civil procedure." The Superior Court ordered respondent to answer interrogatory 7, but denied petitioners' motions as to interrogatories 8 through 18.

The petitioners thereupon filed, in this court, a motion for leave to file a petition for a writ of certiorari. We granted the writ as well as petitioners' motion to consoli-

date the three petitions for hearing in this court. Since the issues are the same in each case, we shall treat them as one but our conclusion shall apply to all three.

The petitioner has waived interrogatories 10 and 16. With reference to interrogatory 17, respondent states that it has already listed the experts it intends to use. Thus, this proceeding involves only the following interrogatories:

"8. Itemize the estimated before value and indicate the method or process used to determine the before value and the reasons therefor (i.e. comparable sales, capitalization of income, replacement less depreciation or other method).

"9. Itemize the estimated after value and indicate the method used to determine same and the reasons therefor.
\* \* \*

"11. State your contention as to the highest, best and most profitable use to which the subject property is adapted or to which it is adaptable in the reasonably foreseeable future.

"12. As to each and every of the expert valuation witnesses intended to be called to testify in this case, if he has used the 'comparable sales approach,' state with particularity each and every item of market data intended to be used by such appraiser to substantiate his 'before and after value.'

"13. As to each and every of the expert valuation witnesses intended to be called to testify in this case, if he has used a 'capitalization approach,' state with particularity the type of capitalization approach used and all of the facts he considered in determining his 'before and after values.'

"14. As to each and every of the expert valuation witnesses intended to be called to testify in this case, if he has used the 'summation method':

"A. State with particularity his volumetric computations of all improvements, if any.

"B. State with particularity the depreciation factor or factors used by him in determining 'replacement cost less depreciation.'

"C. State with particularity the authorities, including appraisal handbooks and market data relied upon by him for his determination as to the proper depreciation factor.

"D. State with particularity the authorities, including but not limited to, appraisal handbooks and market reports and data relied upon by him for his determination as to the proper cubic footage and square footage factor.

"15. State the names and addresses of witnesses intended to be called to testify relative to the probability of a change in the zoning of the subject property.

"16. Have you given consideration to any gas, oil or mineral rights in and adding to the value of the land taken? If the answer is 'yes', give details.

"17. Have you received any written reports from experts other than appraisers, intended to be called to testify in this case? If so, give their names and addresses and the dates of their respective reports.

"18. Describe in detail, including dates and identification, all photographs, surveys, diagrams, measurements and reports in your possession concerning plaintiff's property."

The respondent based its objection to the interrogatories in question on the provisions of Super. R. Civ. P. 26(b) (2) which reads as follows:

"*Limitations.* A party shall not require a deponent to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial unless the court otherwise orders on the ground that a denial of production or inspection will result in an injustice or undue hardship; nor shall the deponent be required to produce or submit for inspection any part of a writing which reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided hereinafter and in Rule 35, the conclusions of an expert engaged in anticipation of litigation and in preparation for trial."

In urging error by the Superior Court petitioner raises the following questions:

"1. Are the defendant's real estate experts engaged in anticipation of litigation and in preparation for trial in accordance with the meaning of Rule 26(b) (2) of the Rules of Civil Procedure of the Superior Court?

"2. Do interrogatories 8 through 18 require the disclosure of the conclusions of an expert which is proscribed by the provisions of Rule 26(b) (2)?

"3. Do interrogatories 8 through 18 require the disclosure of any information which is privileged either under Rule 26(b) (2) or under the doctrine laid down by the United States Supreme Court in the case of *Hickman* v. *Taylor*?"

In arguing that we should answer these questions in the negative petitioner cites *Hickman* v. *Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L.Ed. 451 (1947); *United States* v. *23.76 Acres of Land, etc.*, D.C., 32 F.R.D. 593 (1963), and *United States* v. *364.82 Acres of Land, etc.*, D.C., 38 F.R.D. 411 (1965), all of which contain excellent discussions of the problem which petitioner seeks to raise here. However, as is obvious from the questions posed by petitioner, the resolution of those questions is governed by Super. R. Civ. P. 26(b) (2).

Under the limitation imposed by 26(b) (2), respondent is not required to produce or submit for inspection "any writing obtained or prepared" by it or its attorney "* * * in anticipation of litigation and in preparation for trial unless the court otherwise orders on the ground that a denial of production or inspection will result in an injustice or undue hardship * * *." Nor is respondent required, under 26(b) (2) "* * * to produce or submit for inspection * * * except as provided hereinafter and in Rule 35, the conclusions of an expert engaged in anticipation of litigation and in preparation for trial."

.Thus, in essence, the answer to the questions raised by petitioner depends entirely on whether the information and/or conclusions it seeks to discover were obtained or prepared "in anticipation of litigation." See Reporter's Note in 1 Kent, *R. I. Civ. Prac.* at 210. See also Professor Kent's Commentary to Rule 26 in the same volume at 211, *et seq.* It should be noted here that Super. R. Civ. P. 81 states that these rules do not apply to the process and pleading stages of condemnation proceedings. However, as in this case, the rules do apply at the discovery stage of condemnation proceedings. *See* 1 Kent, *R. I. Civ. Prac.,* Rule 81 at 549, §81.2 at 551.

On the record before us we have no way of knowing whether the information which petitioner requests was obtained or prepared in anticipation of litigation or in preparation for trial or for some other purpose which would not make it immune from discovery. Nor do we know the reasons on which the Superior Court based its denial of petitioner's motion. No testimony was presented at the hearing on petitioner's motion to compel and we have no transcript of that hearing. All that we have before us on this question are the conflicting statements of the opposing parties in the petition for certiorari and in respondent's memorandum in opposition thereto. The petitioner alleges that respondent in accordance with its procedures, engaged appraisers to appraise petitioner's property prior to condemnation and then engaged in negotiations in attempt to purchase the property. The petitioner further asserts that it is its belief that respondent agency hired all experts connected with this case prior to the time of condemnation and engaged them for the purpose, not of testifying at trial, but rather to appraise petitioner's property for the purpose of negotiations.

The respondent disagrees with petitioner's assertion that it hired the experts to appraise petitioner's property for

the purpose of negotiation. The respondent states that the experts were engaged by it to render an opinion to it and to the court if called upon. In its memorandum in apposition to the motion for leave to file petition for certiorari respondent alleges:

> "The appraisal reports obtained by the defendant are certainly made in anticipation of litigation. The contract which is entered into between the Redevelopment Agency and the real estate expert calls for the latter to be able to testify in court concerning his report and sets up a payment schedule for the time involved in preparation of the case as well as the actual time spent in court."

The question whether the information sought, or the conclusions of respondent's experts, were obtained in anticipation of litigation or in preparation for trial, is a question of fact. On this record, without a prior determination of this question, we are unable to answer the issues raised by petitioner's questions, and therefore refrain from passing on the merits of the interrogatories in question. The petitioner is not, therefore, entitled to the information it seeks either under 26(b) (2) of the Superior Court rules, or under the doctrine of *Hickman* v. *Taylor, supra.*[1]

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers in each case are remitted to the Superior Court for further proceedings.

ROBERTS, C. J., did not participate.

*Smith & Smith, Z. Hershel Smith,* for petitioners.

*Timothy J. McCarthy, Paul F. Casey,* for respondent.

---

[1]*Hickman* held that matters subject to the "work product" privilege were discoverable only on a showing of "necessity or justification." See *Hickman* v. *Taylor,* 329 U. S. 495, 510, 67 S. Ct. 365, 393, 91 L.Ed. 451, 462 (1947), and 4 Moore's *Federal Practice* ¶26.63[7].